983 So.2d 531 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASESREPORT NO. 2007-4.
No. SC07-767.
Supreme Court of Florida.
May 22, 2008.
Judge Terry David Terrell, Chair, Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, on behalf of The Florida Public Defender Association; and James T. Miller, Jacksonville, FL, on behalf of The Florida Association of Criminal Defense Lawyers, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has proposed nine new standard criminal jury instructions in respect to the offenses of failure to register by sexual offenders (instructions 11.14 and 11.14(a)-(h)), and thirteen new instructions in respect to the offenses of failure to register by sexual predators (instructions 11.15 and 11.15(a)-(l)). The Committee asks that the Court authorize the proposed standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee originally published its proposals on November 1, 2006, in The Florida Bar News prior to submission to the Court, and received two comments. The Court thereafter directed that all referenced proposals be republished; the proposals appeared in the June 1, 2007, edition of The Florida Bar News. Two comments were filed in response to that publication. At the Court's direction, the Committee reexamined a number of the proposals, and on December 7, 2007, submitted the revised proposals that we authorize, as modified below.[1]
New instructions 11.14 and 11.14(a)-(g) pertain to offenses involving the failure to register as a sexual offender, as defined in section 943.0435, Florida Statutes (2007). New instruction 11.14(h) includes definitions for terms used in proposed instructions 11.14 and 11.14(a)-(g). Under section 943.0435, any person who is a "sexual offender" (as defined by subsection (1)(a)) is required to provide specific information to certain state or law enforcement agencies in order to satisfy the reporting requirements. See § 943.0435(2)-(4), (7)-(8), (14), Fla. Stat.
Common to instructions 11.14 and 11.14(a)-(g) is the element that the defendant is a "sexual offender." The State meets its burden on that element by either proving that the defendant is a sexual offender as defined in proposed instruction 11.14(h) or upon an agreement or stipulation by the defendant that he has been convicted as a sexual offender. Instruction 11.14(h) has been modified from that proposed by the Committee to include the statutory definitions for "electronic mail address" and "instant message name," pursuant to chapter 2007-143, section 10, Laws of Florida. Therein, the Legislature amended section 943.0435 to include "electronic mail address" and "instant message name" as required items to be provided by sexual offenders upon registering, effective October 1, 2007. See § 943.0435(2)(a)2, (4)(d), (14)(c)1, Fla. Stat.[2]
*532 New instructions 11.15 and 11.15(a)-(k) pertain to offenses involving the failure to register as a sexual predator, as defined in section 775.21, Florida Statutes (2007). New instruction 11.15(l) includes definitions for terms used in proposed instructions 11.15 and 11.15(a)-(k). Under section 775.21, any person who is a "sexual predator" (as defined by subsection (4)) is required to provide specific information to certain agencies in order to satisfy the reporting requirements. See § 775.21(6), (10), Fla. Stat.
Instruction 11.15(e), derived from section 775.21(6)(f), Florida Statutes, pertains to the offense of Failure to Register as a Sexual Predator (Failure to Report to Department of Highway Safety and Motor Vehicles). Under subsection (6)(f), a sexual predator who is not incarcerated and resides in the community, irrespective of whether he or she was under the supervision of the Florida Department of Corrections (DOC), must register at a driver's license office of the Department of Highway Safety and Motor Vehicles, within forty-eight hours of registering either with the DOC or at the sheriff's office. In reporting to a driver's license office, "[i]f otherwise qualified, [the sexual predator must] secure a Florida driver's license, renew a Florida driver's license, or secure an identification card." § 775.21(6)(f)1, Fla. Stat. In doing so, the sexual predator must identify himself or herself as one who is required to comply with section 775.21(6)(f) and provide certain specified information. The Committee's proposal has been modified to address the failure to secure or renew a Florida driver's license or to secure an identification card.
We hereby authorize for publication and use the modified instructions as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix[3] shall be effective when this opinion becomes final. However, because the Court did not republish for comment the instructions filed on December 7, 2007, and modified by the Court, prior to their authorization, the Committee as well as interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]
It is so ordered.
*533 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

11.14 FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Initially Register)

§ 943.0435(2)(a)-(b), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status an element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] [maintained] a permanent or temporary residence in (name of county) County, Florida.
Give 3a, 3b, 3c, or 3d as applicable.
3. (Defendant)
a. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after establishing permanent or temporary residence within this state.
b. knowingly failed to report in person at an office of the sheriff of (name of county) County within 48 hours after being released from the [custody, control, or supervision of the Florida Department of Corrections] [custody of a private correctional facility].
c. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after having been convicted by a court in that county of an offense requiring registration.
d. knowingly failed to provide an office of the sheriff of (name of county) County with [his] [her] [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute).]
Read only if the defendant is charged with failing to provide a physical residential address.
The defendant shall provide a physical residential address.
*534 Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.14(a) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, Manufactured Home, Vessel, or Houseboat)

§ 943.0435(2)(b)1, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] [maintained] a permanent or temporary residence in (name of county) County, Florida.
Give 3a or 3b as applicable.
3. (Defendant)
a. uses as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];
and
knowingly failed to provide an office of the sheriff of (name of county) County with [the (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.
b. uses as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];
and
knowingly failed to provide an office of the sheriff of (name of county) County with [the (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)] of the [vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

*535 11.14(b) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Comply with Registration of Employment or Enrollment at an Institution of Higher Learning)

§ 943.0435(2)(b)2, Fla. Stat.
To prove the crime of Failure to Comply with Registration Requirements as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a or 3b as applicable.

3. (Defendant)

a. [is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state, and
knowingly failed to provide an office of the sheriff of (name of county) County with [(the name the single unprovided registration item charged, as worded in the statute)] [any one or more the following items: (name the unprovided registration items charged, as worded in the statute).]
b. [is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state.
undertook a change in [his] [her] enrollment or employment status, and
knowingly failed to report this change in person at an office of the sheriff of (name of county) County within 48 hours after the change.
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.14(c) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Report to Department of Highway Safety and Motor Vehicles)

§ 943.0435(3), Fla. Stat.
To prove the crime of Failure to Comply with Registration Requirements as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender *536 status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a or 3b as applicable.
3. (Defendant)
a. having registered as a sexual offender with an office of the sheriff of (name of county) County,
knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration, and
knowingly failed to [secure a Florida driver's license] [renew [his] [her] Florida driver's license] [secure a Florida identification card].
b. reported in person to a driver's license office of the Department of Highway Safety and Motor vehicles and [secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,
Give one or both of the following as applicable to the charge.
i. failed to report to that office that [he] [she] was a sexual offender.
ii. failed to provide that office with [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)].
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified.

Comment
This instruction was adopted in 2008.

11.14(d) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Report Change of Name or Address within the State or Jurisdiction)

§ 943.0435(4), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is *537 a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a or 3b, or 3c or 3d as applicable.
3. (Defendant)
a. knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles,
Give i, ii, or iii as applicable.
i. when [his] [her] [driver's license] [identification card] was subject to renewal.
ii. within 48 hours after any change in [his] [her] permanent or temporary residence.
iii. within 48 hours after any change in [his] [her] name by reason of [marriage] [(specify other legal process)].
b. knowingly failed to report in person to an office of the sheriff of (name of county) County, within 48 hours of vacating [his] [her] permanent residence and failing to [establish] [maintain] another [permanent] [temporary] residence.
c. knowingly failed to report in person to an office of the sheriff of (name of county) County that [he] [she] remained at [his] [her] permanent residence, within 48 hours after [he] [she] reported to the sheriff [his] [her] intent to vacate [his] [her] permanent residence.
d. reported to
Give i or ii as applicable.
i. an office of the sheriff of (name of county) County
ii. a driver's license office of the Department of Highway Safety and Motor Vehicles
and
Give iii or iv as applicable.
iii. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
iv. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified.

Comment
This instruction was adopted in 2008.

11.14(e) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Report Change of Residence to Another State or Jurisdiction)

§ 943.0435(7), Fla. Stat.
To prove the crime of Failure to Report Change of Address as a Sexual Offender, the State must prove the following five elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
*538 If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] [maintained] a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) intended to leave this State to establish residence in another state or jurisdiction on (date).
4. (Defendant) knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction.
5. (Defendant) knowingly failed to provide the address, municipality, county, and state of [his] [her] intended address, when [he] [she] reported to the sheriff's office of the county of [his] [her] current residence [his] [her] intention to establish residence in another state or jurisdiction.
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.14(f) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Report Intent to Remain within the State or Jurisdiction)

§ 943.0435(8), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following five elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] [maintained] a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) indicated to an office of the sheriff of (name of county) County [his] [her] intent to leave this state on (date of intended departure) and reside in another state or jurisdiction.
4. (Defendant) later decided to remain in this state.
5. Within 48 hours after the date of [his] [her] originally intended departure from this state, (defendant) knowingly failed to report to an office *539 of the sheriff of (name of county) County that [he] [she] instead decided to remain in this state.
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.14(g) FAILURE TO REGISTER AS A SEXUAL OFFENDER

(Failure to Report Twice a Year/Failure to Report Quarterly)

§ 943.0435(14)(a) or (b), Fla. Stat.
Give this statement if the charge is failure to report twice a year during the sexual offender's birthday month and six months later pursuant to § 943.0435(14)(a), or, for certain specified violators, failure to report during the sexual offender's birthday month and every third month thereafter pursuant to § 943.0435(14)(b).
To prove the crime of Failure to Report [Twice a Year] [Quarterly] as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla.1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a, 3b, 3c, 3d, or 3e as applicable.
3. (Defendant)
a. knowingly failed to reregister by reporting in person during [his] [her] birthday month in (year) to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during the sixth month following [his] [her] (year) birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
c. knowingly failed to reregister by reporting in person during every third month following [his] [her] (state year) birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
d. knowingly failed to respond to the address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.
e. reported to an office of the sheriff of (name of county) to reregister,
and
Give i or ii as applicable.

*540 i. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
ii. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).
Read only if the defendant is charged with failing to provide a physical residential address.
The defendant shall provide a physical residential address.
Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.14(h) Sexual Offender Definitions

§ 943.0435(1), Fla. Stat.
Definitions.
"Sexual offender" means a person who (Insert the appropriate criteria specified by § 943.0435(1)).
"Institution of higher education" means a career center, community college, college, state university, or independent postsecondary institution.
"Change in enrollment or employment status" means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
"Physical residential address" does not include a post office box.
"Permanent residence" means a place where the person abides, lodges, or resides for 5 or more consecutive days.
"Temporary residence" means a place where the person abides, lodges, or resides for a period of 5 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
"Electronic mail address" means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.
"Instant message name" means an identifier that allows a person to communicate in real time with another person using the Internet.

11.15 FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Initially Register  In Custody, Control or under the Supervision of the Department of Corrections)

§ 775.21(6)(b), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is *541 a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) is [in the custody or control of the Department of Corrections] [under the supervision of the Department of Corrections] [in the custody of a private correctional facility] [under the supervision of the Department of Corrections, but not incarcerated].
3. (Defendant) [knowingly failed to register with the Department of Corrections as a sexual predator] [knowingly failed to register with the Department of Corrections within 3 days of having been classified as a sexual predator].
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(a) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Initially Register  Not in Custody, Control or under Supervision of the Department of Corrections or a Private Correctional Facility)

§ 775.21(6)(e), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following four elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) was not in the custody or control of or under the supervision of the Department of Corrections and was not in the custody of a private correctional facility.
Give 4a or 4b or 4a and 4b, as appropriate.
4(a). (Defendant) knowingly failed to register in person with an office of the sheriff in the county where [he] [she] [established] [maintained] residence within 48 hours after [he] [she] established permanent or temporary residence in this state.
4(b). (Defendant) knowingly failed to register in person with an office of the sheriff in the county where [he] [she] was designated a sexual predator within 48 hours after having been so designated by the court.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

*542 11.15(b) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Comply with Registration Requirements)

§ 775.21(6)(a)1, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to provide an office of the sheriff (name of county) County with [his] [her] [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute)].
Read only if the defendant is charged with failing to provide a physical residential address.
The defendant shall provide a physical residential address.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(c) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, or Manufactured Home)

§ 775.21(6)(a)1.a., Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
*543 2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
Give 3a or 3b as applicable.
3. (Defendant)
a. uses as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];
and
knowingly failed to provide [an office of the sheriff of (name of county) County] [the Florida Department of Law Enforcement] with [the (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.
b. uses as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];
and
knowingly failed to provide [an office of the sheriff of (name of the county) County] [the Florida Department of Law Enforcement] with [the (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)] of the [vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(d) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Comply with Registration of Enrollment or Employment in Institutions of Higher Education)

§ 775.21(6)(a)1.b., Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the Court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a, 3b, or 3c as applicable.
3. (Defendant)
a. [is] [was] enrolled, employed, or carrying on a vocation at an institution *544 of higher education in this state, and
knowingly failed to provide the office of the sheriff of (name of county) County with the [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)].
b. [is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state;
undertook a change in [his] [her] enrollment or employment status, and
knowingly failed to report this change in person at an office of the sheriff of (name of county) County within 48 hours after the change.
c. is in the custody of or under the supervision of the Department of Corrections;
[is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state;
undertook a change in [his] [her] enrollment or employment status, and
knowingly failed to report this change to the Department of Corrections within 48 hours after the change.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(e) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Report to Department of Highway Safety and Motor Vehicles)

§ 775.21(6)(f), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a or 3b as applicable.
3. (Defendant)
a. was not incarcerated;
[he] [she] resided in the community and was [under the supervision] [not under the supervision] of the Department of Corrections;

*545 [he] [she] registered as a sexual predator with an office of the sheriff of (name of county) County, and
knowingly failed to report in person at a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration.
b. reported in person to a driver's license office of the Department of Highway Safety and Motor Vehicles, and either
knowingly failed to [secure a Florida driver's license] [renew a Florida driver's license] [secure an identification card] or
[secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,
Give one or both of the following as applicable to the charge.
i. failed to report to that office that [he] [she] was a sexual predator.
ii. failed to provide that office with [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)].
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(f) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Provide Other Necessary Information Requested by Department of Law Enforcement)

§ 775.21(6)(a)2, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to provide the office of the sheriff of (name of county) County with [his] [her] (name the single unprovided registration item charged, as worded in the statute) [any one or more of the following items: [his] [her] (name the unprovided items charged, as worded in the statute)].
Definitions. See instruction 11.15(l) for the applicable definitions.

*546 Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(g) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Report Change of Name or Address within the State or Jurisdiction)

§ 775.21(6)(g), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) [established] [maintains] a [permanent] [temporary] residence in (name of county) County, Florida.
Give 3a, 3b, or 3c as applicable.
3. (Defendant)
a. knowingly failed to report in person to a driver's license office [when [his] [her] driver's license or identification card was subject to renewal] [within 48 hours after any change in [his] [her] permanent or temporary residence] [within 48 hours after any change in [his] [her] name by reason of [marriage] [(specify other legal process)]].
b. knowingly failed to report in person to an office of the sheriff of (name of county) County within 48 hours of vacating [his] [her] permanent residence and failing to establish or maintain another permanent or temporary residence.
c. knowingly failed to report in person to an office of the sheriff of (name of county) County that [he] [she] did not vacate [his] [her] permanent residence within 48 hours after (defendant) reported to that agency [his] [her] intent to vacate [his] [her] permanent residence.
d. reported to
Give i or ii as applicable.
i. an office of the sheriff of (name of county)
ii. a driver's license office of the Department of Highway Safety and Motor Vehicles
and
Give iii or iv as applicable.
iii. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
iv. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).
Definitions. See instruction 11.15(l) for the applicable definitions.

*547 Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(h) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Respond To Address Verification)

§ 775.21(10)(a), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to respond to any address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(i) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Report Intent to Move to Another State or Jurisdiction)

§ 775.21(6)(i), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that he has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
Give 3a or 3b as applicable.
3. a. (Defendant)

*548 intended to leave this State to establish residence in another state or jurisdiction on (date);
and
knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction.
b. (Defendant)
reported to an office of the sheriff of the county of [his] [her] current residence [his] [her] intention to establish residence in another state or jurisdiction;
and
knowingly failed to provide [[his] [her] (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute).]
Read only if the defendant is charged with failing to provide a physical residential address.
The defendant shall provide a physical residential address.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

11.15(j) FAILURE TO REGISTER AS A SEXUAL PREDATOR

(Failure to Report Intent to Remain within the State or Jurisdiction)

§ 775.21(6)(j), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following five elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."
2. (Defendant) established or maintains a permanent or temporary residence in (name of county) County, Florida.
3. (Defendant) indicated to an office of the sheriff of (name of county) County [his] [her] intent to leave this state on (date of intended departure) and reside in another state or jurisdiction.
4. (Defendant) later decided to remain in this state.
5. Within 48 hours after the date of [his] [her] originally intended departure from this state, (defendant) knowingly failed to report to an office *549 of the sheriff of (name of county) County that [he] [she] instead decided to remain in this state.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(k) FAILURE TO REGISTER AS A SEX PREDATOR

(Failure to Register Quarterly)

§ 775.21(8)(a), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."
2. (Defendant) [established] [maintains] a permanent or temporary residence in (name of county) County, Florida.
Give 3a, 3b, or 3c as applicable.
3. (Defendant)
a. knowingly failed to reregister by reporting in person during [his] [her] birthday month in (year) to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during every third month following [his] [her] (state year) birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
c. knowingly failed to provide an office of the sheriff of (name of county) County with a change to [his] [her] [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute)].
Read only if the defendant is charged with failing to provide a physical residential address.
The defendant shall provide a physical residential address.
Definitions. See instruction 11.15(l) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.

11.15(l) Sexual Predator Definitions

§ 775.21(2) and (4), Fla. Stat.
Definitions.
"Sexual predator" means a person who:

*550 has been designated a sexual predator, in a written order of a Florida court, on or after October 1, 1993; and
has not received a pardon for the offense(s) necessary for the designation as a sexual predator; and
the written order designating the defendant a sexual predator has not been set aside in any judicial proceeding.
"Institution of higher education" means a career center, community college, college, state university, or independent postsecondary institution.
"Change in enrollment or employment status" means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
"Physical residential address" does not include a post office box.
"Permanent residence" means a place where the person abides, lodges, or resides for 5 or more consecutive days.
"Temporary residence" means a place where the person abides, lodges, or resides for a period of 5 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
NOTES
[1] Nonsubstantive and technical modifications are not herein discussed.
[2] Section 943.0435(1)(f) provides that "electronic mail address" has the same meaning as that provided in section 668.602, Florida Statutes; under that provision, "electronic mail address" is defined as "destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered." § 668.602(6), Fla. Stat. (2007). Section 943.0435(1)(g) defines "instant message name" as "an identifier that allows a person to communicate in real time with another person using the Internet."
[3] The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.
[4] An original and nine paper copies of all comments must be filed with the Court on or before July 14, 2008, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Terry D. Terrell, c/o Les Garringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until August 4, 2008, to file a response to any comments filed by interested persons with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).