MAKAR, J.
At issue is whether Bay County Sheriff Office’s policy of requiring registered sexual offenders, who are perpetually itinerant within the county, to report in person to its main office by 10 a.m. each Monday morning to specify where they intend to spend the next seven nights is consistent with the applicable sexual offender statute, section 943.0435(4)(b), Florida Statutes (2010). John Luther Goodman III, a registered sex offender, claims the policy goes beyond what the statute required of him, and that his felony conviction for failing to comply with the policy is flawed. He challenges the policy and the special jury instruction that was given. We disagree and affirm.
I.
Since his 1989 conviction for lewd and lascivious/indecent assault on a child under sixteen, Goodman has been a registered sexual offender subject to the requirements of Florida’s sexual offender registration statute. Though the record is incomplete, it appears he has generally been in compliance with registration requirements related to his Florida driver’s license listing him as a transient, his establishment of a general delivery mail address, and his twice-yearly re-registration requirements through the end of 2010. Because Goodman lacks a permanent or temporary residence, and is essentially a homeless itinerant, he has sporadically run afoul of the county’s transient policy,[1] which is set forth in a two-page signature form that sexual offenders (and sexual predators) are given to sign when they register:
In accordance with Florida State Statutes 943.0435 (for offenders) and 775.21 (for predators), the Bay County Sheriffs Office is immediately enforcing new agency policy guidelines for sexual offenders and predators which addresses the transient status requirements for providing transient information to the Bay County Sheriffs Office in a specific timely manner. It is a third degree felony offense if the offender or predator does not report this change in person at the Sheriffs Office. Please review the Florida Department of Law Enforcement notice of responsibilities attached.
The Statutory requirements for the offender or predator are to provide an address for the transient residence or other location that he or she will be occupying during the time which he or she fails to establish or maintain a permanent or temporary residence, [pursuant to] 943.0435(4)(b) or [section] 775.21(g)(2).
1. The offender will respond in person to the Bay County Sheriffs Office within 48 hours to declare he or she is transient and has no permanent or temporary residence. At that time he will be required to sign a registration form declaring the transient status. At that time a current mailing address will also be required. The offender or predator will need to respond to the Sheriffs Office location of 3421 N Hwy 77, Panama City to complete the process Monday through Friday (excluding weekend and holidays) from 8:00 am to 4:00 pm.
2. All transient sexual offenders and predators will provide a written weekly location log “prior” to staying at their listed locations each Monday morning, no later then [sic] 10:00 am [sic]. If the *34 offender or predator declares the transient status during the work week (after Monday), they will provide a written list of locations through the following Monday prior to staying at them.
3. a) A Florida drivers license or identification card must also be obtained with “Transient, General Delivery, Panama City, Florida 32401” showing on the face of the card. The offender or predator is also required to provide a current mailing address to [sic] Department of Motor Vehicle to be logged also.
b) The valid mailing address is required for correspondence you will receive from the Florida Department of Law Enforcement as well as the Bay County Sheriffs Office. The correspondence will be date and time sensitive. It will require you to check your mailing address on a regular basis. If you have no mailing address to provide, you will be required to use the downtown location as General Delivery, Attention to: Offender Name, Panama City, Florida 32401. The Post Master will not hold the mail indefinitely and it is your responsibility to check it regularly. You may want to speak with the Post Master about your correspondences if you will be staying in transient status for an extended period.
c) Officers should be able to locate you by the log you provide for your transient locations. Your log should reflect the date, location address, type of location, vehicle information (if applicable). If your log reflects you to be at one location and you have to leave that location, new location information should be provided to the Bay County Sheriffs Office, forwarded to the Crime Analysis Unit 248-2076 or 248-2083 prior to the move.
Goodman is familiar with this policy, having signed forms at least twice in the past few years.
Goodman was charged with failure to appear in person and provide the required information at the Sheriffs Office from June 29, 2010, to September 6, 2010. He moved to dismiss the charge, arguing that the policy’s burdens exceeded those the statute imposed upon him. He also objected to the special jury instruction prepared by the State that was used. A jury convicted him on March 29, 2012 and he was sentenced immediately thereafter to 75.9 months in prison.
II.
A.
Our analysis begins with the statutory definitions in effect in 2010 during the time Goodman was alleged to have violated state law. Undergirding the sexual offender registration system are three key definitions of potential residences a registrant might have: permanent, temporary, and transient. These definitions have specific statutory meanings. First, a “permanent residence” is defined as “a place where the person abides, lodges, or resides for 5 or more consecutive days.” § 775.21(k), Fla. Stat. (2010) (emphasis added). Second, a “temporary residence” is defined as:
a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person’s permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
*35 Id. § 775.21(l) (emphasis added). Finally, a “transient residence” — a category first added to the statute and effective on May 26, 2010 — is defined as:
a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person’s permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.
Id. § 775.21(m) (emphasis added); see Ch. 2010-92, Laws of Fla. No other explicit statutorily defined types of residences exist.
These three definitions attempt to capture the universe of possible residences, but some play in the joints exists. For example, it appears that an uncategorized fourth category of residence exists, which we will call an “itinerant” residence. An example shows how this non-statutory classification can arise. Consider an offender who lives for thirty consecutive days in a relative’s house, which thereby becomes his “permanent residence” under the statute (because he has resided there for more than five consecutive days). The offender has a falling out with the relative and goes to a homeless shelter for three consecutive days; at this point, the homeless shelter falls into none of the categories — it is not a permanent, temporary, or transient residence as defined in the statute. It falls into an undefined, uncategor-ized fourth category — an “itinerant” residence. The offender then decides to sleep on a park bench the next night, in the neighboring woods the following night, and under an overpass on the third night; if he does not return to reside at any of these three specific locations for a total of five or more days for the calendar year, these locations are also itinerant residences.
If called upon to designate whether the bench, woods or overpass are permanent, temporary or transient residences as defined in the statute, the offender would have difficulty doing so; they would be uncategorized itinerant locations. If the bench, woods and overpass are all in the same county they might be considered transient residences (remembering that a transient residence can be a “place or county”); but the statutory requirement of “5 or more days in the aggregate during any calendar year” would still apply. In theory, an itinerant offender could have seventy-three (365/5) permanent, temporary or transient residences in a calendar year or 365 itinerant ones (a possibility, given the Sheriffs Office’s position at trial that a change of even five feet in the woods is a reportable change in location). Other patterns and permutations of permanent, temporary, transient and itinerant residencies are possible.
With these many possibilities in mind, the policy that Goodman was charged with violating was adopted under the authority of section 943.0435(4)(b), which states:
A sexual offender who vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating the permanent, temporary, or transient residence, report in person to the sheriffs office of the county in which he or she is located. The sexual offender shall specify the date upon which he or she intends to or did vacate such residence. The sexual offender must provide or update all of the registration information required under paragraph (2)(b). The sexual offender must provide an address for the residence or other place that he or she is or will be located during the time in which *36 he or she fails to establish or maintain a permanent or temporary residence.
§ 943.0435(4)(b), Fla. Stat. (2010) (emphasis added). The underlines and bolds have a purpose. The underlines emphasize how the statute can be violated. Putting the last sentence aside for the moment, a violation of subsection (4)(b) requires that a sexual offender: (1) has vacated a permanent, temporary, or transient residence and failed to establish another; and (2) either (a) has failed to report to the sheriffs office within 48 hours of the vacation or (b) has reported timely to the sheriffs office, but failed to specify the date or provide the updated information the statute requires.
The 2010 version of Standard Jury Instruction 4.11(d) captured many, but not all, of the possible violations of section 943.0435(4)(b). For example, instruction 4.11(d)(3)b covered the situation where an offender knowingly fails to report to the sheriffs office within 48 hours of vacating a permanent residence without establishing/maintaining another permanent or temporary residence (the instruction’s 2012 version is updated to include transient residences). The standard instruction, however, does not cover the situation where an offender vacates a temporary or transient residence.
Likewise, no standard instruction existed for violations of the last sentence of section 943.0435(4)(b), which is worded slightly differently from the preceding three sentences. The bold emphasizes the point that the word “transient” is included in the first sentence of the statute but is absent in the last. The implication of this omission is that when an offender has vacated a permanent, temporary, or transient residence, but fails to establish a permanent or temporai'y (but not a transient) residence, he must provide information on his location that the last sentence requires. Stated differently, an offender who vacates a statutorily-defined residence, but establishes only a transient residence or none at all (i.e., an itinerant residence), has an ongoing responsibility to provide information for where he can be located during the time he is transient (or itinerant). How this last sentence is implemented by the Sheriffs Office and translated into a special jury instruction is the crux of this case.
B.
At the hearing on the motion to dismiss, the State argued that it was the legislature’s intent to have all sexual offenders register each and every time they changed residences, but it acknowledged that section 943.0435(4)(b) provided no guidance on the manner or means of doing so. State law enforcement agencies provided no guidance, saying it is a county-by-county determination of how each jurisdiction chooses to implement the statute. With this lack of direction, but a need to have protocols in place, the Sheriffs Office developed a policy to ensure it could keep track of “transient” sexual offenders at all times whatever their statutory residential classification might be (keeping in mind the “itinerant” category as well). To this Goodman argued that he could be charged only with a violation of the statutory language, which he argued the policy did not reflect. The trial court denied the motion, mindful of the burdens the policy imposed on offenders like Goodman, but finding nothing “inherently flawed in the statute.”
The motion to dismiss having been denied, Goodman’s counsel objected at the charge conference that Goodman would be held strictly liable under the State’s legal theory. Because none of the standard instructions captured the elements of a violation of the last sentence of section 943.0435(4)(b) as applied to Goodman, the *37 State prepared a special instruction, adopted by the trial court, which read as follows:
To prove the crime of failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:
1. [Appellant] has agreed or stipulated that he has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.
2. [Appellant] established a transient residence status in Bay County, Florida.
3. [Appellant] knowingly failed to report in person as required to notify the sheriff of Bay County where he would be located for the following week.
Goodman objected to only the third part of the instruction, saying it was beyond the language of the last sentence of 943.0435(4)(b) and that none of the standard jury instructions existing in 2010 covered his situation. See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-1, 983 So.2d 531, 531 (Fla. 2008) (adopting new instructions 11.14 and 11.14(a)-(g) “pertaining] to offenses involving the failure to register as a sexual offender, as defined in section 943.0435, Florida Statutes (2007)”.) Consistent with his view that the instruction imposed a strict liability offense, Goodman’s counsel delivered an opening statement consisting of little more than references to classic television shows, such as “Happy Days,” “Gilligan’s Island,” and “Petticoat Junction,” ostensibly to contrast that “Life was simple in those shows” but life was not simple for Goodman under the policy.
Goodman claims on appeal that the Sheriffs Office did not have the authority to impose either the report-in-person-each-Monday-morning requirement or the log book requirements on transient sexual offenders. As to this point, it is true that the plain language of section 943.0435(4)(b) does not specifically authorize either requirement. But the statute clearly envisions that sheriffs offices must establish some protocols by which a transient registered offender presents himself in person and provides locational information. We must therefore determine whether the policy is in accord with the statute.
While Goodman claims the policy at issue is excessive, it is not. Under section 943.0435(4)(b), transients are required to report in person within 48 hours each time they change a transient location. Consistent with the requirement of the statute, the policy compels a “transient” offender to appear in person within forty-eight hours “to declare he or she is transient and has no permanent or temporary residence.” They must make this requisite appearance in person if the 48 hours falls other than on a Monday (Offenders who declare “the transient status during the work week (after Monday) ... will provide a written list of locations through the following Monday prior to staying at them.”). Consistent with the last sentence of section 943.0435(4)(b), the policy thereafter compels this “transient” class of offenders to appear weekly at the sheriffs office to provide the offender’s prognostication of where he will be for the upcoming week. We find no inconsistency in the sheriffs office policy reporting requirement under the circumstances of this case as applied to Goodman; he must report within 48 hours and then once a week thereafter to provide notice of his whereabouts until he establishes a permanent or temporary residence.
We note, however, that the special instruction at issue does not include a requirement that the State first prove that Goodman vacated a permanent, temporary or transient residence and then failed to establish a new one. But is it a prerequi *38 site that an offender have vacated a residence, and failed to establish another, for the last sentence of section 943.0485(4)(b) to apply? As a matter of statutory interpretation the answer appears to be yes, but we need not make a definitive ruling in this case. The reason is that itinerant offenders like Goodman will likely always be in the process of vacating a transitory residence of some type; that is the nature of their nomadic existence. As the Sheriffs Office forthrightly recognized, itinerant offenders face a Catch 22: whenever an offender changes a location, by even a short distance, they potentially void the possibility of establishing a permanent residence (which must be five or more consecutive days) and they change their existing residence status, triggering reporting requirements. The limited record in this case, for example, shows that Goodman predominantly was residing at many different locations in the woods around Panama City, on church property, or on a “trolley,” typically in patterns that would subject him to the requirements of section 943.0435(4)(b). Had Goodman been charged only with a simple failure to report within 48 hours (versus a failure to report weekly and provide locational information), a modified version of Standard Instruction 11.14(d), as it existed in 2010, would have applied, adapting it to reflect vacation of a transient rather than a permanent residence. But Goodman did not offer such an instruction, and whatever error he might claim as to the lack of a more precise instruction on the “vacated/failed to establish” portion of the statute is not before us.
Turning to the policy as applied to him, we find no error in the requirement that Goodman report in person weekly to provide the information required by the last sentence of section 943.0435(4)(b) during his “transient” status. Admittedly, the last sentence does not specify that the required information must be provided in person at the sheriffs office, but we have difficulty imagining a situation where a registered offender who has not yet established a permanent or temporary residence for a week or more would not trigger the appear-in-person-within-48-hours portion of the statute. As the State points out, “if a sex offender has to move every five days to remain ‘transient’ or report after five days that their address has become ‘permanent’ or ‘temporary’ and has 48 hours to report that change, the seven-day requirement of the Bay County Sheriffs Office is consistent with the requirement in § 943.0435(4)(b).” We agree and hold that the report-in-person-each-Monday-morning requirement in the policy is consistent with the statute as applied to Goodman’s situation; likewise, the corresponding portion of the special instruction was not erroneous.
Finally, we turn to the policy’s requirement that offenders who are transient without a permanent or temporary residence provide a weekly log of their expected whereabouts. Goodman is subject to the statutory obligation to provide the location at which he will be located because he stipulated that his status was “transient” in the second part of the jury instruction. Nothing in the last sentence of section 943.0435(4)(b) compels any particular means for compiling and recording the addresses or places where transient offenders will be located. We see no meaningful difference between the statutory requirement of providing addresses/locations and the Sheriffs Office policy of a log book. As to the jury instruction issue, we can envision an instruction that simply used the statutory language: “[Defendant] knowingly failed to provide an address for the residence or other place that [he][she] would be located during the time in which [he][she] failed to establish or maintain a *39 permanent or temporary residence.” The question is whether the special instruction-which characterized the offense as a failure to “notify the sheriff of Bay County where he would be located for the following week” — is an inaccurate instruction as to Goodman’s responsibilities under the statute. We hold that it is not. While the statutory language would have been preferable, we conclude that the language used did not contribute to jury confusion or misstate Goodman’s responsibilities under the statute.
AFFIRMED.
VAN NORTWICK, J., concurs.
ROWE, J., concurs in result only.

. In addition to the time period charged in this case, it appears that Goodman was subsequently charged for a similar offense of not complying during the month of November 2010 (he was out on bond during that time, which was subsequently revoked after he was charged).