PER CURIAM.
Appellant Kransnosky, plaintiff below, in a negligence action, seeks reversal of a judgment entered pursuant to a jury verdict in favor of appellee Robbins, who was ■defendant below.
Notice of appeal was filed February 14, 1956. This cause was therefore pending in this Court on July 1, 1957, the effective ■date of amended Article V, Florida Constitution. We have retained jurisdiction in accord with Article -V, Section 26(6), Florida Constitution, F.S.A.
We deem it appropriate to take note of the fact that the time for filing the record ■on appeal was extended by stipulation and •court order on fourteen different occasions while this appeal has been pending. This has been the reason for the delay in the •disposition of the cause. Final briefs were ■filed in this Court February 19, 1960. The ■case was argued orally here April 7, 1960. We mention this to explain the apparent •inordinate delay in the disposition of an action that culminated in a final judgment ■on November 25, 1955. When interrogated ■during oral argument counsel explained that ■the delay was occasioned by the insufficient ■number of court reporters heretofore available in the First Judicial Circuit. It was also explained that this condition has now 'been remedied. It is hoped that this report -is correct. Nothing but injustice, unfairness and a lack of respect for the administration of justice can result from such ■unreasonable delays in the disposition of •cases.
We proceed to the merits of the appeal. The appellant plaintiff asks us to reverse 120 So.2d — 12%
the judgment with the contention that the trial judge should have directed a verdict for the plaintiff on the matter of liability and, further, that the trial judge committed error in declining to instruct the jury on the doctrine of the last clear chance.
Our study of the record convinces us that there were many conflicts in the testimony and many potentially conflicting inferences from the evidence which required that this cause be submitted to the jury for disposition. In doing so, and therefore in refusing to direct a verdict, the trial judge decided correctly.
We further feel that the trial judge ruled correctly in declining to instruct the jury on the doctrine of the last clear chance. Without undertaking a prolonged discussion which might contribute further confusion to this already confusing problem, it is sufficient to say that the requested instruction did not accurately state the law on this doctrine. For that reason alone the judge was justified in refusing to give it. However, we have also concluded that he was justified in declining to instruct the jury on this rule of law in the light of the decisions of this Court in Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475; Ward v. City Fuel Oil Co., 147 Fla. 320, 2 So.2d 586; Yousko v. Vogt, Fla., 63 So.2d 193 and Falnes v. Kaplan, Fla., 101 So.2d 377.
Finding no error the judgment under assault is heréby affirmed.
THOMAS, C. J., and TERRELL, HOBSON, DREW and THORNAL, JJ., concur.