842 So.2d 228 (2003)
Eddie Tyrone JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 02-1127.
District Court of Appeal of Florida, First District.
April 8, 2003.
Nancy A. Daniels, Public Defender, Second Judicial Circuit; David Gauldin, Assistant Public Defender, Tallahassee, for the Appellant.
Charlie Crist, Attorney General; Thomas D. Winkour, Assistant Attorney General, Office of the Attorney General, Tallahassee, for the Appellee.
POLSTON, J.
Appellant was charged and convicted for failure to register as a "sexual offender." See § 943.0435(9), Fla. Stat. (2001)(stating that a "sexual offender" who does not comply with registration requirements commits a third degree felony). Appellant argues that the trial court erred by informing the jury that he was a "sexual offender" and denying his proposed "sanitized" jury instructions, citing Brown v. State, 719 So.2d 882 (Fla.1998). We affirm because we agree with the State that the trial court's jury instructions were consistent with the rulings in Brown.

I.
Section 943.0435 requires that a "sexual offender"[1] register at an office of the Department of Law Enforcement or the sheriff's office. Appellant submitted a proposed jury instruction that would "sanitize" *229 the reference to appellant as a "sexual offender" by referring to him instead as a "felony offender." The proposed jury instruction stated:

FAILURE TO REGISTER AS A FELONY OFFENDER

Before you find Eddie T. Johnson guilty of Failure to Register as a Felony Offender, the State must prove the following elements beyond a reasonable doubt:
The Court instructs you that Eddie T. Johnson has agreed that he has been convicted as a felony offender and must register his address with the Department of Law Enforcement or the Sheriff's Office pursuant to Section 943.0435(9), Florida Statutes.
1. Eddie T. Johnson has been convicted as such a Felony Offender.

2. Eddie T. Johnson knowingly failed to report in person at the Department of Law Enforcement or the Sheriff's Office in the county in which he establishes or maintains a permanent or temporary residence, within 48 hours after establishing permanent or temporary residence, within 48 hours after being released from the custody, control, of the Department of Corrections or from the custody of a private correctional facility.... (Emphasis added).
The trial court denied the requested instruction, holding that the requested instruction would remove an element of the offense from the jury's consideration. The trial court gave the following instruction, as it relates to the issue in this case:
Members of the jury, I thank you for your attention during this trial. Please pay attention to the instructions I'm about to give you. Eddie T. Johnson, the defendant in this case, has been accused of the crime of failure to register as a sexual offender. Before you can find the defendant guilty of failure to register as a sexual offender, the State must prove the following elements beyond a reasonable doubt. The Court instructs you that Eddie T. Johnson has agreed or stipulated that he has been convicted as a sexual offender. The elements are these. One, Eddie T. Johnson has been convicted as a sexual offender. Two, Eddie T. Johnson knowingly and failed to report in person at the Florida Department of Law Enforcement or at the sheriff's office in the county in which the defendant establishes or maintains a permanent or temporary residence within 48 hours after establishing a permanent or temporary residence in this state or within 48 hours after being released from the custody, control or supervision of the Department of Corrections or from the custody of a private correctional facility....

II.
In Brown, the Florida Supreme Court addressed the analogous crime of a felon-in-possession of a firearm and held that "when a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-the record colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation. The State should also be allowed to place into evidence, for record purposes only, the actual judgment(s) and sentence(s) of the previous conviction(s) used to substantiate the prior convicted felon element of the charge." 719 So.2d at 884. The Court ruled that "neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury." Id. at 889. Appellant argues that the Court's ruling *230 regarding the non-disclosure of the actual judgments and sentences means also that the jury should not be instructed on the legal elements of the crime because of unfair prejudice. This expansive argument of the Court's evidentiary ruling regarding the defendant's actual judgments and sentences is contrary to the further rulings in Brown that specifically address jury instructions.
Substituting the required legal status of "sexual offender" in place of "convicted felon" within the specific ruling in Brown on jury instructions, it is clear that the trial court complied with Brown:
Further, we agree with the Eleventh's Circuit's reasoning in United States v. Hardin, 139 F.3d 813 (11th Cir.1998), that the defendant's stipulation of [sexual offender] status satisfies the prosecution's burden of proof for that element of the crime. Therefore, if the element of the ["sexual offender"] is established by stipulation, the judge may thereafter instruct the jury that it can consider the ["sexual offender"] status element of the crime as proven by agreement of the parties in the form of a stipulation.

Id. (emphasis added).
The trial court in this case accepted appellant's stipulation that he was a sexual offender without disclosing to the jury any further details about the nature of his offense, thereby applying the evidentiary balancing test required by section 90.403, Florida Statutes ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."). The appellant's underlying judgment and conviction establishing his sexual offender status was not made known to the jury and is not part of the record on appeal.
The issue in Brown was framed by the certified question of whether the prior precedent of the Florida Supreme Court, Parker v. State, 408 So.2d 1037 (Fla.1982) should be overruled in favor of the evidentiary analysis in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The Court answered affirmatively and decided the case on evidentiary grounds, addressing the balancing of section 90.403. 719 So.2d at 887. None of these cases hold that jury instructions stating proper elements of the law should be "sanitized" because of unfair prejudice to the defendant. The appellant, not surprisingly, cites no authority for such an argument.
There is no contention by appellant that the jury instructions as given do not properly state the legal elements of section 943.0435(9). Although the trial court should accept the defendant's stipulation of status to avoid undue prejudice pursuant to section 90.403, the trial court is not precluded from giving a jury instruction that properly sets forth the elements of the crime. That is the whole point of giving a jury instructionto accurately inform the jury of the law.[2] The "sanitized" version requested by appellant is not a correct instruction of the legal elements of section 943.0435(9) because registration is required by "sexual offenders," a defined term by the Legislature, not by "felony offenders," an undefined term requested *231 by appellant that is not mentioned in the statute. Accordingly, the trial court properly denied the proposed instruction. See Kransnosky v. Robbins, 120 So.2d 184, 185 (Fla.1960)(ruling that the trial judge was justified in refusing a requested jury instruction because it did not accurately state the law); Fredericks v. State, 675 So.2d 989, 990 (Fla. 1st DCA 1996)(ruling that "[c]onviction of a non-existent crime is fundamental error mandating reversal even when the error was invited by the defendant, as was the case here, by request for a jury instruction on a non-existent offense").
AFFIRMED.
DAVIS, J., concurs; BROWNING, J., dissents with separate opinion.
BROWNING, J., dissents with opinion.
It seems to me that the crux of Brown v. State, 719 So.2d 882 (Fla.1998), is that "... evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant ..." and "... trial courts should ordinarily accept a stipulation by a criminal defendant." That removes the necessity for mentioning a defendant's criminal record status except in the least prejudicial manner. Despite this admonition, the majority affirms the trial court's jury instruction that informed the jury that Appellant is a sexual offender. Because the trial court's instruction added nothing to the proceeding other than the ingredient of prejudice to Appellant, contrary to Brown, I am compelled to dissent.
Consistent with Brown, Appellant stipulated to the criminal status element of the offense charged and thereby removed any necessity for the jury to know the nature of Appellant's reason for registration beyond that he was a convicted felon and was required to register. Also, consistent with Brown, Appellant waived the requirement of proof of this element beyond a reasonable doubt on the record. In view of these steps, the "sanitized" instruction would have permitted the jury to decide Appellant's failure to register without a "cloud of prejudice" that is inherent in informing a jury of a defendant's convicted sex offender status. Accordingly, I reason the trial court reversibly erred by not giving the "sanitized" instruction.
The majority attempts to justify such disclosure on the basis that "... appellant's underlying judgment and conviction establishing his sexual offender status was not made known to the jury and is not part of the record on appeal." But this approach conflicts with Brown, which requires a trial court to balance the impact of prohibiting disclosure of the nature of the crime with the prosecution's right to prove its case and place a meaningful narrative before the jury, and after such balancing, if the necessity for revealing the nature of the prior offense is outweighed by the possibility of undue prejudice, such disclosure is not made. Here the trial court improperly implemented this test and failed to prohibit the jury from learning of the nature of Appellant's former offense, a sexual offense, for no apparent plausible reason.
The label of a convicted sexual offender carries with it probably a greater danger of collateral prejudice than any other crime, and its use should be avoided except when there is a compelling need, not present here, to so inform the jury. Appellant's conviction status was not in dispute, leaving only Appellant's failure to register for the jury's determination. Disclosure that Appellant is a convicted sexual offender to the jury added nothing to the proceedings other than increasing the danger that the jury would determine Appellant's failure to register on the basis that he is a *232 "bad man" with the loathsome characteristics that accompany the label of "sexual offender." Further, such potential prejudice to Appellant is not justified by the majority's observation that there is a dearth of authority supporting "sanitized" instructions, as such is not the case.
The court in State v. Alexander, 214 Wis.2d 628, 571 N.W.2d 662 (1997), cited with approval in Brown, dealt with a driving while intoxicated charge under a repeat offender statute. One of the three elements of the offense is that the defendant must have two or more prior convictions, suspensions, or violations. Despite the prior convictions' being an "element" of the offense, the court promulgated the following instruction, omitting any reference to the existence of the necessity of proving two previous driving convictions under the influence on remand for a new trial, be given:
When a circuit court is faced with the circumstances presented in this case, the circuit court should simply instruct the jury that they must find beyond a reasonable doubt that: 1) the defendant was driving or operating a motor vehicle on a highway; and 2) the defendant had a prohibited alcohol concentration at the time he or she drove or operated the motor vehicle. The "prohibited alcohol concentration" means 0.08 grams or more of alcohol in 210 liters of the person's breath or 0.08 percent or more by weight of alcohol in the person's blood. See Wis. JICriminal 2660B. The jury is charged to follow the instruction. See Poellinger, 153 Wis.2d at 507, 451 N.W.2d 752.
571 N.W.2d at 652.
This instruction, contrary to the majority's assertion, makes no mention of previous convictions and gave a "sanitized" instruction that removed the possibility of undue prejudice from that trial, contrary to the trial court's action here. Also, the court specifically disallowed the lower court's decision that approved admitting evidence of defendant's prior convictions because they were an element of the crime, which is the same justification given by the majority for the trial court's advising the jury that Appellant is a convicted sex offender.
Also, in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the case that precipitated Brown, "sanitized" jury instructions played a prominent role. Unfortunately, the instructions pertaining to proof of conviction status requested by both parties were all found to be defective, and the court did not fashion an instruction for defendant's retrial, as did the court in Alexander. However, I think it is compelling that the two cases cited by the court in Brown involved "sanitized" instructions.
In view of Old Chief and Alexander, I am fortified in my belief that the trial court erred. These courts placed the emphasis on a fair trial for a defendant when the prosecution is not prejudiced by exclusion of any reference to the nature of prior convictions. By so doing, they did not mandate that a ritualistic application of their approach be used. To the contrary, they sanctioned a result requiring exclusion of information of a defendant's past criminal record that would hinder a jury's fair determination of the disputed issue with minimal harm to the prosecution. Thus, I am unpersuaded by the majority's finding that affirmance is appropriate because the trial court followed the same method utilized in Brown to preclude jury consideration of the nature of defendant's previous crimes. The method utilized in Brown accomplished the goal of insuring a fair trial there, but the same method applied here effects the opposite result denial of a fair trial to Appellant. This *233 danger could have been avoided by the trial court's giving the "sanitized" instruction, which in no way would have prejudiced the Appellee.
Apparently, the trial court and majority conclude that there is only one way that an element of a crime can be properly described, and I disagree. The "sanitized" instruction provided that Appellant was a convicted felony offender and must register under section 943.0435(9), Florida Statutes. This statement clearly denotes that Appellant has been convicted of a felony that requires him to register under a statutory provision that applies only to sexual offenders. Thus, under the "sanitized" instruction, the jury would be considering Appellant's actual crimefailure to register as a sexual offender, without knowing the nature of his previous offense. Such an approach would have avoided the potential for prejudice to Appellant without any prejudice to the Appellee. Further, the cases cited by the majority in support of affirming on the potential for prejudice to the Appellee in no way stand for the proposition that the "sanitized" instruction could prejudice the Appellee. See Kransnosky v. Robbins, 120 So.2d 184 (Fla. 1960); Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996).
Kransnosky is a negligence case and involves a defective jury instruction on last clear chance, and I do not see it as persuasive here. Fredericks, like Kransnosky, is unpersuasive, for there the appellant was convicted of the nonexistent offense of attempted aggravated assault on a law officer. In both of these cases, no stipulation was entered or a waiver made on the record, as was done here in compliance with Brown. Furthermore, the "sanitized" instruction provides a correct description of the Appellant's offense; only the nature of the crime is omitted.
In conclusion, because the trial court permitted disclosure of the nature of Appellant's previous conviction by denying his "sanitized" instruction, which accomplished no benefit to Appellee other than creating a risk of undue prejudice against Appellant because of previous criminal conduct, I believe it abused its discretion, ruled contrary to Brown, and should be reversed for the reasons stated.
NOTES
[1] A "sexual offender" is a person who has been "convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025, where the victim is a minor and the defendant is not the victim's parent; chapter 794, excluding ss. 794.011(10) and 794.0235; s. 796.03; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135; s. 847.0145; or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this subparagraph." See § 943.0435(1)(a)1., Fla. Stat. (2001). The registration requirements of section 943.0435 do not apply to a sexual offender who is also a sexual predator as defined by section 775.21, because they must register as required by section 775.21. See § 943.0435(5), Fla. Stat. (2001).
[2] See § 918.10(1), Fla. Stat. (2001)(stating that at the conclusion of counsels' argument, the court shall charge the jury "only on the law of the case"); State v. Ratliff, 329 So.2d 285, 287 (Fla.1976)(ruling that the jury must consider the case upon the sworn testimony and upon the judge's instructions only on the law of the case); Perriman v. State, 731 So.2d 1243, 1246 (Fla.1999)(stating that "[t]he yardstick by which jury instructions are measured is clarity, for jurors must understand fully the law that they are expected to apply fairly").