PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court approve the amended standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In In re Standard Jury Instructions in Criminal Cases—Report No. 2007-4., 983 So.2d 531 (Fla.2008), the Court authorized for publication and use nine new standard criminal jury instructions pertaining to the offenses of failure to register by sexual offenders (instructions 11.14 and 11.14(a)-11.14(h)), and thirteen new standard criminal jury instructions pertaining to the offenses of failure to register by sexual predators (instructions 11.15 and 11.15(a)-11.15(1)). The Committee requests that the Court amend these instructions in light of recent legislative changes to section 775.21, Florida Statutes (2011), The Florida Sexual Predators Act, and section 943.0435, Florida Statutes (2011), which *1091 requires that sexual offenders register with the sheriffs office.
We agree with the majority of the Committee’s proposals. The phrase “or transient” is added to “residence” in instructions 11.14, 11.14(a) — 11.14(g), 11.15, and 11.15(a)-11.15(k). This change is consistent with the statutory changes made by chapter 2010-92, sections 2 and 4, Laws of Florida. In addition, element number B of instructions 11.15(g), 11.15(i), and 11.15(j) is amended with “temporary residence” and “permanent residence” added as needed pursuant to chapter 2010-92, section 2, Laws of Florida. The Court also adds the definitions for “convicted” as set out in section 943.0435(l)(b) and “conviction” under section 775.21(2)(e). Moreover, section 943.0435(l)(c) expressly provides that “temporary residence” and “transient residence” shall have the same definitions as those provided in section 775.21, which was amended by the Florida Legislature in 2010. See chapter 2010-92, section 2, Laws of Florida.
However, the Court does not agree with the proposals to remove language from instructions 11.14, 11.14(g), 11.15(b), 11.15(i), and 11.15(k) pertaining to providing a physical residential address, and from instructions 11.14(h) and 11.15(2) defining “physical residential address.” Although the Legislature recognized that the offender or predator may live in a “transient” residence — i.e., one which includes but is not limited to a location without a specific street address — sections 775.21 and 943.0435 still include the following language: “A post office box shall not be provided in lieu of a physical residential address.” See §§ 775.21(6)(a)l.; gd&odss^Q)).[1]
The revised instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2] New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions shall be effective when this opinion becomes final.
It is so ordered.
CANADY, C.J, and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
*1092 APPENDIX
11.14 FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Initially Register)
§ 943.0435(2)(a)-(b), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status an element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a permanent, or temporary, or transient residence in (name of county) County, Florida.

Give 3a, 3b, 3c, or 3d as applicable.

3. (Defendant)
a. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after establishing permanent, or temporary, or transient residence within this state.
b. knowingly failed to report in person at an office of the sheriff of (name of county) County within 48 hours after being released from the [custody, control, or supervision of the Florida Department of Corrections] [custody of a private correctional facility].
c. knowingly failed to register in person at an office of the sheriff of (name of county) County within 48 hours after having been convicted by a court in that county of an offense requiring registration.
d. knowingly failed to provide an office of the sheriff of (name of county) County with [his][her] [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute).]

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address.

Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(a) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, Manufactured Home, Vessel, or Houseboat)
§ 943.0435(2)(b)l, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State *1093 must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 84-2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a permanent, or temporary, or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. uses as [his][her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];
and
knowingly failed to provide an office of the sheriff of (name of county) County with [the (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he][she] resides.
b. uses as [his][her] place of residence a [vessel] [live-aboard vessel] [houseboat];
and
knowingly failed to provide an office of the sheriff of (name of county) County with [the (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ] of the [vessel] [live-aboard vessel] [houseboat] where [he][she] resides.

Definitions. See instruction 11.14(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(b) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Comply with Registration of Employment or Enrollment at an Institution of Higher Learning)
§ 943.0435(2)(b)2, Fla. Stat.
To prove the crime of Failure to Comply with Registration Requirements as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

*1094
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 81.2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender" or “convicted."

2. (Defendant) [established] [maintains] [maintained] a [permanent], [temporary], or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. [is][was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state, and
knowingly failed to provide an office of the sheriff of (name of county) County with [ (the name the single unprovided registration item charged, as worded in the statute) ] [any one or more the following items: (name the unprovided registration items charged, as worded in the statute).]
b. [is][was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state.
undertook a change in [his][her] enrollment or employment status, and
knowingly failed to report this change in person at an office of the sheriff of (name of county) County within 48 hours after the change.

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(c) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report to Department of Highway Safety and Motor Vehicles)
§ 943.0435(3), Fla. Stat.
To prove the crime of Failure to Comply with Registration Requirements as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender" or “convicted."

2. (Defendant) [established] [maintains] [maintained] a [permanent,] [temporary], or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. having registered as a sexual offender with an office of the sheriff of (name of county) County,
knowingly failed to report in person to a driver’s license office of the *1095 Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration, and
knowingly failed to [secure a Florida driver’s license] [renew [his][her] Florida driver’s license] [secure a Florida identification card],
b. reported in person to a driver’s license office of the Department of Highway Safety and Motor vehicles and [secured a Florida driver’s license] [renewed [his] [her] Florida driver’s license] [secured a Florida identification card], but in doing so,

Give one or both of the following as applicable to the charge.

i. failed to report to that office that [he][she] was a sexual offender.
ii. failed to provide that office with [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ].

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(d) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report Change of Name or Address within the State or Jurisdiction)
§ 943.0435(4), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a [permanent,] [temporary], or transient residence in (name of county) County, Florida.

Give 3a or 3b, or 3c or 3d as applicable.

3. (Defendant)
a. knowingly failed to report in person to a driver’s license office of the Department of Highway Safety and Motor Vehicles,

Give i, ii, or Hi as applicable.

i. when [his][her] [driver’s license] [identification card] was subject to renewal.
ii. within 48 hours after any change in [his][her] permanent, or temporary, or transient residence.
iii. within 48 hours after any change in [his][her] name by reason of [marriage] [ (specify other legal process) ].
*1096 b. knowingly failed to report in person to an office of the sheriff of (name of county) County, within 48 hours of vacating [his][her] permanent residence and failing to [establish] [maintain] another [permanent] [temporary] [transient] residence.
c. knowingly failed to report in person to an office of the sheriff of (name of county) County that [he][she] remained at [his][her] permanent residence, within 48 hours after [he] [she] reported to the sheriff [his][her] intent to vacate [his][her] permanent residence.
d. reported to

Give i or ii as applicable.

i. an office of the sheriff of (name of county) County
ii. a driver’s license office of the Department of Highway Safety and Motor Vehicles
and

Give Hi or iv as applicable.

iii. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
iv. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(e) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report Change of Residence to Another State or Jurisdiction)
§ 943.0435(7), Fla. Stat.
To prove the crime of Failure to Report Change of Address as a Sexual Offender, the State must prove the following [four] [five] elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) intended to leave this State to establish residence in another state or jurisdiction on (date).

Give element ⅛ or 5, or both, as applicable.

4. (Defendant) knowingly failed to report in person to an office of the sheriff in the county of [his][her] current residence within 48 hours before the date on which [he][she] intended to leave this state to estab *1097 lish residence in another state or jurisdiction.
5. (Defendant) knowingly failed to provide the address, municipality, county, and state of [his][her] intended address, when [he][she] reported to the sheriff’s office of the county of [his][her] current residence [his][her] intention to establish residence in another state or jurisdiction.

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 581] and revised in 2012.
11.14(f) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report Intent to Remain within the State or Jurisdiction)
§ 943.0435(8), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Offender, the State must prove the following five elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 8⅛2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) indicated to an office of the sheriff of (name of county) County [his][her] intent to leave this state on (date of intended departure) and establish a permanent, temporary, or transient residence reside in another state or jurisdiction.
4. (Defendant) later decided to remain in this state.
5. Within 48 hours after the date of [his][her] originally intended departure from this state, (defendant) knowingly failed to report to an office of the sheriff of (name of county) County that [he][she] instead decided to remain in this state.

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.14(g) FAILURE TO REGISTER AS A SEXUAL OFFENDER
(Failure to Report Twice a Year/Failure to Report Quarterly)
§ 943.0435(14)(a) or (b), Fla. Stat.

Give this statement if the charge is failure to report twice a year during the sexual offender’s birthday month and six months later pursuant to 
*1098
§ 913.0135(11) (a), or, for certain specified violators, failure to report during the sexual offender’s birthday month and every third month thereafter pursuant to § 9¿3M85(U)(b).

To prove the crime of Failure to Report [Twice a Year][Quarterly] as a Sexual Offender, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual offender.
b. has agreed or stipulated that [he][she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 8⅛2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual offender” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a {permanent,] {temporary], or transient residence in (name of county) County, Florida.

Give 3a, 3b, 3c, 3d, or 3e as applicable.

3. (Defendant)
a. knowingly failed to re-register by reporting in person during [his][her] birthday month in (year) to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during the sixth month following [his][her] (year) birthday month to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
c. knowingly failed to re-register by reporting in person during every third month following [his][her] (state year) birthday month to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
d. knowingly failed to respond to the address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.
e. reported to an office of the sheriff of (name of county) to reregis-ter,
and

Give i or ii as applicable.

i. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
ii. knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address.

Definitions. See instruction 11.11(h) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
*1099 11.14(h) Sexual Offender Definitions
§ 943.0435(1), Fla. Stat.

Definitions.

“Sexual offender” means a person who (Insert the appropriate criteria specified by § 913.0135(1)).
“Convicted” means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. (Note to Judge: For juvenile, military, federal and out of state convictions see § 943.0135(1) Fla. Stat.)
“Institution of higher education” means a career center, community college, college, state university, or independent postsecondary institution.
“Change in enrollment or employment status” means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
“Physical residential address” does not include a post office box.
“Permanent residence” means a place where the person abides, lodges, or resides for 5 or more consecutive days.
“Temporary residence” means a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person’s permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
“Transient residence” means a place or county y where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person’s permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.
“Electronic mail address” means a destination, commonly expressed as a string of characters, to which electronic mail may be sent or delivered.
“Instant message name” means an identifier that allows a person to communicate in real time with another person using the Internet.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and d revised in 2012.
11.15(a) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Initially Register — Not in Custody, Control or under Supervision of the Department of Corrections or a Private Correctional Facility)
§ 775.21(6)(e), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following four elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conduct
*1100
ing an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 8h2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) was not in the custody or control of or under the supervision of the Department of Corrections and was not in the custody of a private correctional facility.

Give ha or hb or ha and hb, as appropriate.

4(a). (Defendant) knowingly failed to register in person with an office of the sheriff in the county where [he][she] [established] [maintained] residence within 48 hours after [he][she] established permanent, or temporary, or transient residence in this state.
4(b). (Defendant) knowingly failed to register in person with an office of the sheriff in the county where [he][she] was designated a sexual predator within 48 hours after having been so designated by the court.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(b) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Comply with Registration Requirements)
§ 775.21(6)(a)l, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 8h2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to provide an office of the sheriff of (name of county) County with [his][her] [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute) ].

Read only if the defendant is charged with failing to provide a physical residential address.

*1101 The defendant shall provide a physical residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(c) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, or Manufactured Home)
§ 775.21(6)(a)l.a., Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2008). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. used uses as [his][her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];
and
knowingly failed to provide [an office of the sheriff of (name of county) County] [the Florida Department of Law Enforcement] with [the (name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he][she] resides.
b. used uses as [his][her] place of residence a [vessel] [live-aboard vessel] [houseboat];
and
knowingly failed to provide [an office of the sheriff of (name of the county) County] [the Florida Department of Law Enforcement] with [the (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ] of the [vessel] [live-aboard vessel] [houseboat] where [he][she] resides.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
*1102 Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(d) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Comply with Registration of Enrollment or Employment in Institutions of Higher Education)
§ 775.21(6)(a)l.b., Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 8⅛2 So.2d 228 (Fla. 1st DC A 2003). If there is a stipulation, the Court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) [established] [maintains] [maintained] a [permanent}, [temporary}, or transient residence in (name of county) County, Florida.

Give 3a, 3b, or 3c as applicable.

3. (Defendant)
a. [is][was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state, and
knowingly failed to provide the office of the sheriff of (name of county) County with the [(name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ].
b. [is] [[was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state;
undertook a change in [his][her] enrollment or employment status, and
knowingly failed to report this change in person at an office of the sheriff of (name of county) County within 48 hours after the change.
c. [is][was] is in the custody of or under the supervision of the Department of Corrections;
[is] [[was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state;
undertook a change in [his][her] enrollment or employment status, and
knowingly failed to report this change to the Department of Corrections within 48 hours after the change.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
*1103 11.15(e) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Report to Department of Highway Safety and Motor Vehicles)
§ 775.21(6)(f), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider, the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator’’ or “convicted.”

2. (Defendant) [established] [main-tainsj[maintained] a [permanent] [temporary] [transient] residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. (Defendant)
a. was not incarcerated;
[he][she] resided in the community and was [under the supervision] [not under the supervision] of the Department of Corrections; [he] [she] registered as a sexual predator with an office of the sheriff of (name of county) County;, and
knowingly failed to report in person at a driver’s license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration.
b. reported in person to a driver’s license office of the Department of Highway Safety and Motor Vehicles, and either
knowingly failed to [secure a Florida driver’s license] [renew a Florida driver’s license] [secure an identification card] or
secured a Florida driver’s license [renewed [his][her] Florida driver’s license] [secured a Florida identification card], but in doing so,

Give one or both of the following as applicable to the charge.

i. failed to report to that office that [he][she] was a sexual predator.
ii. failed to provide that office with [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute) ].

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
*1104 11.15(f) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Provide Other Necessary Information Requested by Department of Law Enforcement)
§ 775.21(6)(a)2, Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla. 1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to provide an the office of the sheriff of (name of county) County with [his][her] [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: [his] [her] (name the unprovided registration items charged, as worded in the statute) ].

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012,
11.15(g) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Report Change of Name or Address within the State or Jurisdiction)
§ 775.21(6)(g), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) [established] {^maintains-} [maintained] a [permanent] [temporary] [transient] residence in (name of county) County, Florida.

Give 3a, 3b, or 3c as applicable.

3. (Defendant)
*1105 a. knowingly failed to report in person to a driver’s license office [when [his][her] driver’s license or identification card was subject to renewal] [within 48 hours after any change in [his] [her] permanent, or temporary, or transient residence] [within 48 hours after any change in [his][her] name by reason of [marriage] [ (specify other legal process) ]].
b. knowingly failed to report in person to an office of the sheriff of (name of county) County within 48 hours of vacating [his][her] permanent, temporary, or transient residence and failing to establish or maintain another permanent, or temporary, or transient residence.
c. knowingly failed to report in person to an office of the sheriff of (name of county) County that [he] [she] did not vacate [his][her] permanent, temporary, or transient residence within 48 hours after (defendant) reported to that agency [his] [her] intent to vacate [his][her] permanent, temporary, or transient residence.
d. reported to

Give i or ii as applicable.

i. an office of the sheriff of (name of county)
ii. a driver’s license office of the Department of Highway Safety and Motor Vehicles
and

Give in or iv as applicable.

iii. knowingly failed to provide that office with (name the single unprovided registration item charged, as worded in the statute).
iv.knowingly failed to provide that office with any one or more of the following items: (name the unprovided registration items charged, as worded in the statute).

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(h) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Respond To Address Verification)
§ 775.21(10)(a), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Broom v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 84.2 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or *1106 temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) knowingly failed to respond to any address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(i) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Report Intent to Move to Another State or Jurisdiction)
§ 775.21(6)0), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that he has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.
If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 812 So.2d 228 (Fla. 1st DC A 2003). If there is a stipulation, the court should not also give the definition of “sexual predator” or “convicted.”
2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.

Give 3a or 3b as applicable.

3. a. (Defendant)
intended to leave this State to establish a permanent, temporary, or transient residence in another state or jurisdiction on (date);
and
knowingly failed to report in person to an office of the sheriff in the county of [his][her] current residence within 48 hours before the date on which [he][she] intended to leave this state to establish residence in another state or jurisdiction,
b. (Defendant)
reported to an office of the sheriff of the county of [his] [her] current residence [his][her] intention to establish residence in another state or jurisdiction;
and
knowingly failed to provide [[his][her] (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute).]

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

*1107 Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15a) FAILURE TO REGISTER AS A SEXUAL PREDATOR
(Failure to Report Intent to Remain within the State or Jurisdiction)
§ 775.21(6)(j), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following five elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of “sexual predator” or “convicted.”

2. (Defendant) established or maintained maintains a permanent, or temporary, or transient residence in (name of county) County, Florida.
3. (Defendant) indicated to an office of the sheriff of (name of county) County [his][her] intent to leave this state on (date of intended departure) and establish a permanent, temporary, or transient residence in another state or jurisdiction.
4. (Defendant) later decided to remain in this state.
5. Within 48 hours after the date of [his][her] originally intended departure from this state, (defendant) knowingly failed to report to an office of the sheriff of (name of county) County that [he][she] instead decided to remain in this state.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(k) FAILURE TO REGISTER AS A SEX PREDATOR
(Failure to Register Quarterly)
§ 775.21(8)(a), Fla. Stat.
To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. is a sexual predator.
b. has agreed or stipulated that [he][she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.

If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So.2d 882 (Fla.1998); Johnson v. State, 84-2 So.2d 228 (Fla. 1st DCA 2003). If there is 
*1108
a stipulation, the court should not also give the definition of “sexual predator” or “convicted.”

2. (Defendant) [established] [main-ta&sj [maintained] a permanent, nr temporary, or transient residence in (name of county) County, Florida.

Give 3a, 3b, or 3c as applicable.

3. (Defendant)
a. knowingly failed to reregister by reporting in person during [his][her] birthday month in (year) to an office of the sheriff in the county in which [he][she] resides or is otherwise located.
b. knowingly failed to reregister by reporting in person during every third month following [his][her] (state year) birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.
c. knowingly failed to provide an office of the sheriff of (name of county) County with a change to [his][her] [ (name the single unprovided registration item charged, as worded in the statute) ] [any one or more of the following items: [his][her] (name the unprovided registration items charged, as worded in the statute) ].

Read only if the defendant is charged with failing to provide a physical residential address.

The defendant shall provide a physical residential address.

Definitions. See instruction 11.15(1) for the applicable definitions.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008 [983 So.2d 531] and revised in 2012.
11.15(Z) Sexual Predator Definitions
§ 775.21(2) and (4), Fla. Stat.

Definitions.

“Sexual predator” means a person who:
has been designated a sexual predator, in a written order of a Florida court, on or after October 1, 1993; and
has not received a pardon for the offense(s) necessary for the designation as a sexual predator; and the written order designating the defendant a sexual predator has not been set aside in any judicial proceeding.
“Institution of higher education” means a career center, community college, college, state university, or independent postsecondary institution.
“Change in enrollment or employment status” means the commencement or termination of enrollment or employment or a change in location of enrollment or employment.
“Convicted” means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld. (Note to Judge: For military, federal and out of state convictions, see § 775.21(2) (e), Fla. Stat.)
“Physical residential address” does not include a post office box.
“Permanent residence” means a place where the person abides, lodges, or resides for 5 or more consecutive days.
“Temporary residence” means a place where the person abides, lodges, or re *1109 sides including, but not limited to, vacation, business, or personal travel destinations in or out of this state, for a period of 5 or more days in the aggregate during any calendar year and which is not the person’s permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state.
“Transient residence” means a place or county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person’s permanent or temporary address. The term includes, but is not limited to, a place where the person sleeps or seeks shelter and a location that has no specific street address.
Comment
This instruction was adopted in 2008[983 So.2d 531] and revised in 2012.

. The Florida Public Defender Association, in its comment to the Committee's proposals, recommends that the Court rewrite these instructions to reflect that failing to report a physical residential address is not an element of the offense. However, the Court does not decide substantive issues in the course of authorizing the publication and use of proposed jury instructions. Instead, absent further clarification from the Legislature, that matter must await the Court's consideration in an actual case and controversy.

. The amendments as reflected in-the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.